UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>       Plaintiff,<br><br>vs.<br><br>S. URIATE,<br><br>       Defendant. | 1:18-cv-00269-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED PURSUANT TO 28 U.S.C. § 1915(g), AND THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, ALLOWING PLAINTIFF TO REFILE PROVIDED IT IS WITH THE SUBMISSION OF THE $400.00 FILING FEE<br>(ECF Nos. 1, 2.)<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS |

## I.    BACKGROUND

Anthony Scott Berringer ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On February 26, 2018, Plaintiff filed the Complaint commencing this action, together with a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

## II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action

1

or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

"This subdivision is commonly known as the 'three strikes' provision." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "Andrews"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." Id.; see also Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "Cervantes") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," Andrews, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." See 28 U.S.C. § 1915(g); Cervantes, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

While the PLRA does not require a prisoner to declare that § 1915(g) does not bar his request to proceed IFP, Andrews, 398 F.3d at 1119, "[i]n some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120. When applying 28 U.S.C. § 1915(g), however, the court must "conduct a careful evaluation of the order dismissing an action, and other relevant information," before determining that the action "was

dismissed because it was frivolous, malicious or failed to state a claim," since "not all unsuccessful cases qualify as a strike under § 1915(g)." Id. at 1121.

The Ninth Circuit has held that "the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6).'" Id. (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Andrews further holds that a case is "frivolous" for purposes of § 1915(g) "if it is of little weight or importance" or "ha[s] no basis in law or fact." 398 F.3d at 1121 (citations omitted); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous [under 28 U.S.C. § 1915] where it lacks an arguable basis in either law or in fact . . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

"A case is malicious if it was filed with the intention or desire to harm another." Andrews, 398 F.3d at 1121 (quotation and citation omitted). A duplicative complaint may be malicious in some circumstances. Martinez v. United States, 812 F. Supp. 2d 1052, 1057 (C.D. Cal. 2010) (citing see Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam) ("'[R]epetitious litigation of virtually identical causes of action is subject to dismissal . . . as malicious.'"). In Cato v. U.S., 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995), the Ninth Circuit, citing Bailey, agreed that where a complaint repeats pending or previously litigated claims, it is subject to dismissal under the *in forma pauperis* statute as being frivolous or malicious.

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. Court records reflect that on at least three prior occasions, Plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See 1) Berringer v. Salinas Valley State Prison, et al., Civil Case No. 06cv2839 CW (N.D. Cal. November 1, 2006 Order dismissing action as duplicative and abusive) (strike one);

2) <u>Berringer v. California Dep't of Corrections</u>, Civil Case No. 07cv3353 CW (PR) (N.D. Cal. July 13, 2007 Order of Dismissal as duplicative and abusive) (strike two); 3) <u>Berringer v. Salinas Valley State Prison, et al.</u>, Civil Case No. 06cv0270 CW (N.D. Cal. January 8, 2008 Order of Dismissal for failing to state a claim for which relief may be granted) (strike three); 4) <u>Berringer v. Meza</u>, et al., Civil Case No. 11cv1439 PJH (PR) (N.D. Cal. July 5, 2011 Order of Dismissal as duplicative) (strike four).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." <u>Id.</u> at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." <u>Martin v. Shelton</u>, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. <u>White v. Colorado</u>, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." <u>Lewis v. Sullivan</u>, 279 F.3d 526, 531 (7th Cir. 2002).

The court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See <u>Andrews</u>, 493 F.3d at 1053. In the Complaint Plaintiff alleges that on October 8, 2017, Plaintiff was pale and ill, and Defendant refused to immediately check Plaintiff's vital signs after which Plaintiff was rushed to the emergency room at Corcoran State Prison. (ECF No. 1 at 3.) The Complaint is devoid of any showing that Plaintiff was under imminent danger of serious physical injury at the time he filed the Complaint.

Therefore, the court finds that Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action.

Accordingly, Plaintiff's motion to proceed *in forma pauperis* should be denied, and this action be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

///

**IV.      CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's motion to proceed *in forma pauperis* in this action be DENIED;
2. This action be DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and
3. The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 23, 2018**              **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE