UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY SCOTT BERRINGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>S. URIATE,<br><br>　　　　　Defendant. | 1:18-cv-00269 AWI GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 23) |

On April 19, 2018, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Plaintiff asserts that he has a low cognitive disability under the ADA and has difficulty litigating his case. However, even if Plaintiff were an expert litigator, the court cannot find, at this stage of the proceedings, that plaintiff is likely to succeed on the merits. On March 26, 2018, the court issued findings and recommendations finding that Plaintiff has "three strikes" under 28 U.S.C. § 1915(g), and recommending that he be required to pay the $400.00 filing fee in full before the case goes forward. (ECF No. 12.) Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 20, 2018**         **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE